# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2022

Lyle W. Cayce
Clerk

No. 20-60636
Summary Calendar

Brenda Irias Almendares; Santos Raul Salgado; Genesis
Nicolle Salgado Irias; Ashley Nayely Salgado; Diana
Iveth Navas Irias,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 257 271
BIA No. A208 771 537
BIA No. A208 771 538
BIA No. A208 771 539
BIA No. A208 771 540

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Brenda Irias Almendares is a native and citizen of Honduras. She applied for asylum and withholding of removal and included her husband, Santos Raul Salgado, and her three children, Genesis Nicolle Salgado Irias, Ashley Nayely Salgado, and Diana Iveth Navas Irias, in her application. 8 U.S.C. § 1158(b)(3). The Board of Immigration Appeals (BIA) dismissed Irias Almendares's appeal from the Immigration Judge's (IJ) denial of her application, and she now petitions for review of that decision.

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA's decision. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632). We review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he [petitioner] has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Irias Almendares argues that the BIA erred in affirming the IJ's determination that she is not entitled to asylum and withholding of removal based upon her persecution by the gang for being a member of a particular social group consisting of "family members of the Irias family on her father's side." We need not resolve the question of whether the proposed particular social group is cognizable because the evidence does not compel a finding that there was a requisite nexus between the harm she suffered or feared and membership in that group. *See Vazquez-Guerra*, 7 F.4th at 268-69, 270-71. Substantial evidence supports the BIA's decision that the threats and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60636

demands for money were motivated by private criminality, which does not constitute persecution on account of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004); *see also Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017). Without the required nexus, Irias Almendares's asylum claim fails. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Further, because she did not establish entitlement to asylum, she cannot meet the standard for withholding of removal. *See Vazquez-Guerra*, 7 F.4th at 271; *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Accordingly, Irias Almendares's petition for review is DENIED.